

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS
## AUSTIN

GROVER SELLERS
ATTORNEY GENERAL

Honorable Benton Coopwood
District Attorney
Travis County
Austin, Texas

Dear Sir:

Opinion No. O-6361
Re: Does Article 2120 apply to
juries summoned under Ar-
ticle 2101, and if so, will
such of the jurors be allowed
their compensation for such
service even though drawn
from the jury wheel for a
prior week?

We have given consideration to your question as
stated above.

Article 2120, Revised Civil Statutes (Art. 2120,
V. A. C. S.) reads as follows:

"The court may hear any reasonable sworn
excuse of a juror, and may release him entirely
or until some other day of the term."

This statute was passed originally as a part of the
Acts of 1876 (p. 171; G. L. vol. 8, p. 1007), whereas the
provisions of Article 2101, relating to interchangeable juries
in counties maintaining as many as three district courts, was
not enacted until 1917. (Acts 1917, p. 147; Acts 4th C. S.
1918, p. 122, Art. 2101 V. A. C. S.) However, as codified
in the latest compilation of 1925, both articles are includ-
ed in Title 42, Chapter 7, and appear therein unchanged to
this date.

It is our opinion that Article 2120, supra, is
not restricted in its application to any mode of jury selec-
tion, whether by means of the jury wheel or the jury commis-
sion system, except that by express provision of subsection
3 of Article 2101, certain special jurors used only to fill
out a panel for the week "shall be discharged as soon as their

NO COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

Honorable Benton Coopwood, page 2


services are no longer needed."

We do not believe that the presence of jurors serving under orders of the court at a subsequent day of the term in compliance with Article 2120, even though drawn by the jury wheel method, would vitiate a verdict. However, under the machinery set up for supplying a deficiency in the general panel for the week in compliance with Article 2101, we perceive no need for a judge to enter such orders, as apparently sufficient jurors may be so supplied.

In any event, should jurors be required to attend the court at a later day of the term, jurors so reporting are entitled to their statutory compensation for such service.

Trusting the above sufficiently advises you, we are

Yours very truly

ATTORNEY GENERAL OF TEXAS

By Benjamin Woodall
Benjamin Woodall
Assistant

BW:iw



APPROVED
OPINION
COMMITTEE
BY